**JUDGE KAPLAN**

**11 CV 3552**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LEHMAN BROTHERS HOLDINGS, INC.,
SECURITIES & EMPLOYEE RETIREMENT
INCOME SECURITY ACT (ERISA) LITIGATION
    Phil Walker, et al. v. Ernst & Young LLP,           )
        N.D. California, C.A. No. 4:11-01155         )      MDL No. 2017

**TRANSFER ORDER**

    **Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs move to vacate our order that conditionally transferred their action to MDL No. 2017. Outside auditor defendant Ernst & Young LLP (EY) opposes the motion.

    After considering all arguments of the parties, we find that *Walker* involves common questions of fact with actions previously transferred to MDL 2017, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions arising out of Lehman Brothers's voluntary bankruptcy filing in the wake of unprecedented changes in the credit and real estate markets. *See In re Lehman Brothers Holdings, Inc., Sec. & Emp. Retirement Income Security Act (ERISA) Litig.*, 598 F. Supp. 2d 1362 (J.P.M.L 2009).

    In opposing transfer, the *Walker* plaintiffs argue that including their action against EY to recover for "losses from improper accounting procedures" in MDL proceedings will make it financially and physically impossible to pursue their claims. Transferring *Walker* to MDL No. 2017, however, will avoid duplicative discovery and other pretrial proceedings against EY arising out of its audits of Lehman's financial statements.[1] Since Section 1407 transfer is only for pretrial proceedings, the parties and witnesses generally are not required to travel to the transferee district for depositions or other pretrial activities. *In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig.*,

---

[*] Judge Barbara S. Jones took no part in the decision of this matter.

[1] The *Walker* plaintiffs also argue that "nowhere in the complaint" is Lehman mentioned and EY has misrepresented its conversation with plaintiffs regarding the source of their stock losses. The transferee judge is in the best position to determine whether plaintiffs' losses arise from Lehman holdings. If plaintiffs' losses are, indeed, from other than Lehman stock, then the transferee judge can suggest Section 1407(c) remand of this action to the Northern District of California.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY: _____
Deputy Clerk

-2-

424 F. Supp. 504 (J.P.M.L. 1976). The *Walker* plaintiffs also will likely benefit from the efforts of MDL No. 2017 plaintiffs' counsel to resolve all claims. The *Walker* plaintiffs can present their pending motion for remand to state court to the transferee judge, who has already ruled on a consolidated remand motion in this docket. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lewis A. Kaplan for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.      Paul J. Barbadoro